IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN F. CANTRELL and<br>MAGI A. MERRITT CANTRELL,<br><br>Plaintiffs,<br><br>v.<br><br>FIFTH THIRD SECURITIES, INC.,<br><br>Defendant. | Case No. 3:14-cv-1282<br>Senior Judge Haynes |

## MEMORANDUM

Plaintiffs Kevin F. Cantrell and Magi A. Merritt Cantrell, Tennessee citizens, filed this action originally in the Circuit Court for Davidson County, Tennessee against the Defendant Fifth Third Securities, Inc. ("Fifth Third"), an Ohio corporation. The Defendant removed the action to this Court, citing the federal diversity statute, 28 U.S.C. § 1332, without objection.

Plaintiffs' claims arise from Defendant Fifth Third's recommendation for Plaintiffs' purchase of a thirty (30) year bond issued by the Federal Home Loan Mortgage Corporation SER 4116 CL 11 ("30 Year Bond"), instead of the short-term U.S. mortgage bond issued by Ginnie Mae. Plaintiffs allege a loss due to this investment and assert claims for breach of fiduciary duty, negligence, gross negligence and breach of the Tennessee Uniform Prudent Investor Act, Tenn. Code Ann. § 35-14-101 et seq.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 7) contending that the Plaintiffs' complaint should be dismissed based upon the parties' Release Agreement that resolved "all claims regarding or related to the recommendation and purchase of FT UNIT 3797 MUN INCOME CLOSED END PORT SER 51 MONTHLY CASH in October 2012 in Fifth Third

Securities, Inc. brokerage account #056-161472" ("MUNI Bond Fund").

Plaintiffs do not dispute the Release Agreement on the MUNI Bond Fund, but dispute any release of any claims for Defendant's recommendation and purchase of the 30 Year Bond that was in the same Fifth Third Securities, Inc. Brokerage account as the MUNI Bond Fund. Plaintiffs cite the lack of any mention of the 30 Year Bond investment in the parties' Release Agreement. The Defendant did not file a reply to this characterization of the scope of the release agreement.

To survive a motion to dismiss, Plaintiffs' factual allegations must "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). On a motion to dismiss, the Court must accept well-pled factual allegations as true and construe factual allegations in the light most favorable to the Plaintiffs. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008).

Here, the Release Agreement unambiguously released Plaintiffs' claims based on the MUNI Bond Fund, but is silent as to the 30 Year Bond. The parties' Release Agreement does not mention the 30 Year Bond that was held in the same brokerage accounts as the MUNI Bond Fund and the release does not extend to claims in their brokerage account with the Defendant. There is simply a mention of the brokerage account for identification purposes.

In this diversity action, under the choice-of-law provision, Ohio law is designated as the governing law enforcement and interpretation of the Release Agreement. Under Ohio law, "[t]o be enforceable, however, a release must be expressed in terms that are clear and unequivocal." Jacob v. Grant Life Fitness Ctr., No. 95APE12-1633, 1996 WL 303677,*2 (June 4, 1996) (citing Thompson v. Otterbein College, No. 95APE08-1009, 1996 WL 52901,*4 (Feb. 6, 1996)). "This is because intent is presumed to reside in the language the parties chose to employ in the agreement,

and the intention of the parties governs the interpretation of releases." Id. (citing Kelly v. Med. Life Ins. Co., 509 N.E.2d 411, 413 (Ohio 1987). "Where the language of a contract is reasonably susceptible of more than one interpretation, the meaning of ambiguous language is a question of fact" to be determined by a jury. Brown v. Columbus All-Breed Training Club, 789 N.E.2d 648, 653 (Ohio Ct. App. 2003). Finally, "[i]n determining the intent of the parties, the court must read the contract as a whole and give effect to every part of the contract, if possible. The intent of each part of a contract is to be gathered from consideration of the contract as a whole." Beasley v. Monoko, Inc., 958 N.E.2d 1003, 1011-12 (Ohio Ct. App. 2011) (internal citations omitted).

Here, the Release Agreement signed by Plaintiffs concerned the purchase of the MUNI Bond Fund, and Defendant paid Plaintiffs an amount equal to the interest that they would have otherwise accrued had the one hundred fifty thousand dollars ($150,000) been in a savings account instead of a municipal bond fund. (Docket Entry No. 1, State Court Pleadings at 12). The Defendant did not pay for Plaintiffs' claims on Defendant Fifth Third's recommendation for purchase of the 30 Year Bond, instead of the short-term U.S. mortgage bond issued by Ginnie Mae. Any dispute about this interpretation of the agreement must be decided after discovery.

For these reasons, the Court concludes that the Defendant's motion to dismiss should be granted as to Plaintiffs' claims based upon the MUNI Bond Fund, but should be denied as to Plaintiffs' other claims on Defendant's recommendation and purchase of the 30 Year Bond.

An appropriate Order is filed herewith.

ENTERED this the _23rd_ day of March, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

3